IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christa Kachur,

    Plaintiff,

-vs-

Globe Life and Accident Insurance Company,

    Defendant.

Case No.  3:25 CV 464

<u>ORDER DISMISSING COMPLAINT</u>

JUDGE JACK ZOUHARY

## INTRODUCTION

This case begins at the close of a man's life.  Daniel Justus died from a self-inflicted gunshot wound to the back of the head on November 29, 2024.  Christa Kachur, his ex-wife and mother of his child, sought to recover the benefit of his Accidental Death and Dismemberment Policy ("the Policy") issued by Globe Life and Accident Insurance Company.  Globe refused to pay the claim because the death was deemed a suicide.

Kachur filed suit in state court, and Globe removed the case to this Court.  Both parties have moved for judgment as a matter of law (Docs. 8–11).

## THE POLICY

The Policy, which Justus procured in April 2022, covers accidental losses.  It contains three clauses that are important to this dispute.

First, the definitions section outlines what qualifies as an accident (Doc. 7-1 at 3):

- ACCIDENT: A fortuitous event, unforeseen and unintended.

- ACCIDENTAL BODILY INJURY: Unexpected traumatic damage to the insured's body, of external origin.

- ACCIDENTAL DEATH: Death due to Accidental Bodily Injury caused by an Accident occurring while the insurance is in force; the death must occur within 90 days after the date of the Accident, directly and independently of all other causes.

Second, the Exclusions section states that the "Policy does not cover loss caused by or resulting from . . . [s]uicide or intentionally self-inflicted bodily injury, while sane or insane" (*id.* at 5). And third, an Incontestability Clause, which states: "After 2 years from the Policy Effective Date only fraudulent misstatements and non-payment of premiums may be used to void this policy or deny any claim for loss incurred after the 2 year period" (*id.* at 9).

## DISCUSSION

This case turns on one issue -- whether the Policy provides coverage after Justus died from a self-inflicted gunshot wound. Kachur makes two arguments: (1) the loss was covered because there exists a genuine issue of fact on whether Justus committed suicide; and (2) the Incontestability Clause bars Globe's "defense." Each is addressed below.

**The Suicide**

The first question is whether the loss was covered. There are several relevant facts in the record. First, Kachur served Justus with a civil stalking Protective Order one week before he died with a hearing scheduled for December 2 (Doc. 9-8). He was also "hurt" because he felt Kachur had "brainwashed" his son (Doc. 9-7 at 3).

On November 29, Kachur called police for help after Justus texted his son "threatening suicide" at 10:38 PM (Doc. 9-5 at 4). At 10:59 PM, an officer arrived to find Justus lying on the floor with "a Smith and Wesson pistol on the ground next to [his] legs" (*id.* at 4–5). According to the officer, Justus had shot himself in the back of the head (*id.*). The coroner likewise found that

2

Justus "shot himself with a 40 caliber handgun in the head" and listed the manner of death as "suicide" (Doc. 9-3).

These facts are not necessarily determinative. As Kachur points out, there is a presumption against suicide in Ohio. *Est. of Holley v. Am. Fam. Life Assur. Co.*, 2005-Ohio-2281, ¶ 12 (Ohio Ct. App. 2005). However, Justus's "death was not an 'accident' because it would be usual, expected, and foreseeable that one would die" from shooting themselves in the back of the head. *Chepke v. Lutheran Brotherhood*, 103 Ohio App. 3d 508, 511 (Ohio Ct. App. 1995). There is evidence of a bullet lodged in a wall -- likely from an earlier test fire. But this does not equate with the bullet to his head being an accident. Rather, it defies logic that a person could "accidentally" shoot themselves in the back of the head.

**The Incontestability Clause**

Even so, Kachur argues she should prevail because the Policy's Incontestability Clause bars this "defense." Incontestability clauses are provisions in insurance policies that prevent insurance companies from indefinitely voiding policies based on misstatements by the insured when signing the policy, e.g., Justus misspelling Kachur's name on the beneficiary form (Doc. 9-1 at 9). Here, as required by Ohio Revised Code § 3923.04(B)(1), the Policy states that "[a]fter 2 years from the Policy Effective Date only fraudulent misstatements and non-payment of premiums may be used to void this Policy" (*id.* at 10). Thus, at the time of his death, two years after the effective date, the Policy was "incontestable."

But that language does not apply to this case. Contrary to Kachur's argument, Globe has not raised a "defense" that would implicate the Incontestability Clause. Why? Globe denied coverage because there was simply no accident to trigger coverage. And try as she might, Kachur cannot avoid the fact that this was an accidental-death policy -- not a life insurance policy. *See McBride v. Prudential Ins. Co.*, 147 Ohio St. 461, 466 (1947) ("[T]he incontestable clause does not exclude

a defense based on a suicide clause . . . the insurer is not bound to pay where death is caused by suicide."). Kachur spends most of her time trying to enlarge the scope of coverage by imposing liability for losses expressly excluded by Policy terms. A long road to nowhere.

## Conclusion

The Policy does not cover the tragic loss in this case. Kachur's Motion (Doc. 9) is denied. Globe's Motion (Doc. 8) is granted. This case is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 8, 2025